# CHARLESTON.

## KAIN et al. v. YOUNG et al.

Submitted January 9, 1896—Decided March 18, 1896.

BOUNDARIES—IDENTIFICATION OF LANDMARKS.

    Streams mentioned in an old survey, no longer capable of being located by the names given, may be identified from maps of contemporaneous surveys.

BROWN, JACKSON & KNIGHT for plaintiff in error.

E. R. ANDREWS for defendants in error, cited 1 Ballard's Annual, § 584; 2 Id. §§ 47, 506, and cases cited; Hutch. Land Titles, § 542 and cases cited.

BRANNON, JUDGE:

John J. Kain and others brought an action of ejec†ment in the Circuit Court of Clay county against Samuel E. Young and others, and, losing the case, bring it here.

The plaintiffs claim under a grant from the common-wealth of Virginia to Samuel Smith, dated 13th June, 1796, under survey dated 8th July, 1795, for fifteen thous-and acres.

The deciding question in the case is the true location of that survey. It calls for "beginning at a beech on the bank of Elk river, at the mouth of Sycamore creek, a S. E. branch of Elk river, 92 poles above the corner of two sur-veys made for William Wilson on the south side of said river." Where is the beginning corner? When we an-swer, it ends the case. Faint the light we have from oral evidence. The surveyor who made it and his assistants have passed away, and we have not even their declarations. Time has made in the century such changes in perishable things that, though he named in his surveys numerous tributary streams along which his first line of one of the Wilson surveys ran from the mouth of Birch river meander-ing Elk downward, every one has changed in name; in fact all the tributaries named in the old surveys, from Birch river to Sandy, in what was up to forty years ago known as the "wilderness," have changed in name from the surveys. The old surveyors gave them names which on settlement of the country they did not retain, or the names were from one casual circumstance or another changed. But, though the names of the streams have gone, the streams them-selves "go on forever." That old surveyor has left us dia-grams or maps of his surveys, particularly the Wilsons, laying down Elk river and its bends and tributaries with clearness and distinctness, thus affording physical or natural landmarks by which we may safely go. Upon inspection of these diagrams, with the aid of evidence to show what streams as known at this day suit the streams and bends of

the river as represented on the diagrams, we have found that the beginning corner of the Smith grant is on Elk river, at the mouth of Leatherwood creek. We think this is very clear from natural calls as called for by the grants and surveys and as shown on said diagrams.

We thus find the verdict wrong. The name "Leatherwood Creek" is not the same as "Sycamore," called for in the grant, but is clearly the stream intended. We do not deem it necessary—not even proper—to detail the mere facts or circumstances conducing to this conclusion, as they would serve no purpose for precedent. The case turns on the location of said survey, and involves no legal principle necessary to discuss.

We reverse the judgment, set aside the verdict, and grant a new trial.